UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Launius, David ) | Case No. 22-00037 |
| ) | |
| Debtor(s). ) | |

## NOTICE OF MOTION

To: See attached Service List

    PLEASE TAKE NOTICE that on June 7, 2022, at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present the Trustee's Application to Employ Special Counsel, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video,** (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

    **To appear by telephone,** (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

    **When prompted identify yourself by stating your full name.**

    **To reach Judge Cox's web page go to www.ilnb.uscourts.gov and click on the tab for Judges.**

    **If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

                                        /s/ Phillip D. Levey
                                          Attorney for Trustee

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614
(773) 348-9682

## SERVICE LIST

Office Of U.S. Trustee
219 South Dearborn Street - Suite 873
Chicago, IL 60604

Justin R. Storer
FactorLaw
105 W. Madison St. - Suite 1500
Chicago, IL 60602

## CERTIFICATE OF SERVICE

    I, Phillip D. Levey, an attorney, certify that on May 31, 2022, I served the aforesaid Notice of Motion and the Motion described therein on the Office of the U.S. Trustee and Justin R. Storer via ECF and on the remaining persons, if any, by depositing the same in the U.S. Mail in envelopes, with proper postage prepaid.

                                                  /s/ Phillip D. Levey
                                                  Attorney for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Launius, David | ) | Case No. 22-00037 |
| | ) | |
| | ) | |
| Debtor(s). | ) | |

## TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL

Phillip D. Levey, trustee herein, respectfully represents as follows:

1. This case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on January 4, 2022.

2. Applicant is the duly appointed, qualified and acting trustee in this Chapter 7 case.

3. Among the assets which constitute property of this estate are claims against Todd Stern and Adam Steinberg as set forth in the Counterclaim filed by the Debtor in the action entitled <u>Justin Arabo and Douglas Smith</u> v. <u>David Launius, et al.</u>, Case No. 2018 L 10916, now pending in the Law Division of the Circuit of Cook County, Chicago, Illinois and also claims for personal injuries suffered by the Debtor as a result of an assault against him at the restaurant known as Club Lucky of Chicago, Illinois in December, 2021.

4. Applicant desires to employ the law firm known as The Law Office of William J. Factor, Ltd. (herein "FactorLaw") to investigate and pursue the aforesaid potential causes of action.

5. Subject to this Court's approval and in accordance with §§330 and 331 of the Bankruptcy Code, applicant proposes that FactorLaw be compensated on a contingent fee basis in an amount

encumbrances, set-offs, counterclaims and the like) for the benefit of this estate plus reimbursement of all actual and necessary expenses including costs advanced. In the event a recovery is obtained prior to suit, however, FactorLaw has agreed that it shall be compensated in an amount not to exceed the lesser of FactorLaw's hourly rate times the number of hours billed and one-third (1/3) of the net amounts recovered by it plus reimbursement of its costs advanced subject to the approval of this Court following the filing of a proper application therefor. A copy of FactorLaw's proposed Letter of Engagement in this case is attached hereto as Exhibit "A".

6. Applicant has attempted to determine whether FactorLaw is a disinterested within the meaning of 11 U.S.C. §101(14). Attached hereto and made a part hereof as Exhibit "B" is a declaration from William J. Factor supporting applicant's conclusion that FactorLaw is a disinterested person within the meaning of 11 U.S.C. §101(14) and its employment is in the best interest of this estate.

7. Applicant requests that FactorLaw's retention be retroactive to April 19, 2022, the date on or about which it first started to render legal services in this case.

WHEREFORE, applicant prays that he be authorized to employ FactorLaw as special counsel to render services as described in the foregoing Application with compensation subject to this Court's approval upon the filing of a proper application for attorney fees and costs and for such other and further relief as may be appropriate.

/s/ Phillip D. Levey
Trustee

Phillip D. Levey
2722 North Racine Avenue
Chicago, IL 60614
(773) 348-9682

# EXHIBIT A



## FACTORLAW
THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.

**William J Factor**
**Direct Dial: 312-878-6146**
**Email: wfactor@wfactorlaw.com**

April 20, 2022

Phillip D. Levey
Not individually, but as
Chapter 7 Trustee for
Estate of David Launias
2722 North Racine Avenue
Chicago, IL 60614

Re:   *In re Launias* (22-00037)

Dear Phil:

We are pleased that you would like to engage The Law Office of William J. Factor (the *"Firm"* or *"FactorLaw"*) to render legal services to you, not individually, but solely as the duly appointed chapter 7 trustee (the *"Client"*) of the Bankruptcy Estate of David Launias (*"Debtor"*). Notwithstanding anything herein to the contrary, the Current Engagement (as defined below) will not commence until the Bankruptcy Court enters an order authorizing Client to retain FactorLaw.

We have found that clients generally appreciate a clear statement and agreement regarding the services that we will perform and the basis upon which they will be expected to pay for these services. A written engagement agreement is required or recommended by the law of professional ethics in the jurisdictions in which the Firm practices law. We request that you review this agreement carefully. By proceeding with this engagement you will be indicating to us that you have done so.

1.   **Limited Scope of Engagement.** The scope of FactorLaw's engagement on behalf of Client is limited to representing Client in connection with the bankruptcy estate's claims (a) against Todd Stern and Adam Steinberg related to the We'll Clean business and (b) against persons or entities responsible for injuries the Debtor suffered related to an incident at Club Lucky (the subject claims are the *"Estate Claims"* and the scope of FactorLaw's work is the *"Current Engagement"*). The Current Engagement does not include representing Client in

{00220046}

Page 2

connection with any matter not specifically referred to us, nor does it include representing any other entity or general administration of the Debtor's bankruptcy estate. For the avoidance of doubt, no entity other than Client should consider that it has an attorney-client relationship with FactorLaw with respect to the Current Engagement or the Estate Claims. The Current Engagement may be expanded only by a writing signed by Client and FactorLaw.

Notwithstanding anything to the contrary herein, all of the rights and obligations of the parties hereto shall be subject to and contingent upon the approval of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2. **Fees**. In exchange for FactorLaw's agreement to represent Client in respect to the Current Engagement, FactorLaw will receive 33% of the (the "*Contingent Fee*") gross recovery obtained on account of the Estate Claims at any point after the Bankruptcy Court enters an Order authorizing the retention of FactorLaw. The Contingent Fee also will be calculated based upon the gross recovery and not from the recovery after expenses have been deducted. The gross recovery is the actual amount recovered for the estate. For the avoidance of doubt, if the amount awarded in connection with the Estate Claims is reduced as a result of setoff and/or counterclaim and thus a lesser sum is recovered, the Contingent Fee shall be calculated not on the original award, but on the property actually received by the bankruptcy estate.

3. **Invoices for Services**. FactorLaw agrees to maintain timesheets for time incurred in increments of one tenth of an hour. These records will be maintained and provided for review by Client, upon its request. Fees and Costs will be paid as indicated within this document.

4. **Expenses**. In connection with the Current Engagement, we anticipate that certain expenses may be incurred and advanced by us on Client's behalf. These expenses may include, but are not limited to, the actual costs for filing fees, out of town travel expenses, delivery charges, expert witnesses, mediator fees, special postage (overnight courier services, express mail, certified mail, and the like), and more than routine photocopies. Expenses also will be paid from any recovery obtained. FactorLaw thus understands that its reimbursement for expenses is contingent upon a successful recovery and that if the bankruptcy estate does not have any funds to reimburse FactorLaw for expenses, FactorLaw may not be paid for such amounts.

5. **Professional Judgment**. At all times FactorLaw and its attorneys will endeavor to represent Client zealously and act on Client's behalf to the best of our ability. Whenever FactorLaw provides Client with an expression regarding the potential outcome of a matter, we will use our best professional judgment.

However, we cannot guarantee the outcome of any matter or issue. Any expression of our professional judgment regarding the Current Engagement or the

{00220046}

Page 3

potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression. It is also subject to any unknown or uncertain factors or conditions beyond our control. Any expressions of judgment or views are limited solely to Client and may not be shared with any other entity, nor may any other entity rely upon such expressions.

   6. **Illinois Law**. This agreement shall be construed and interpreted in accordance with the laws of the State of Illinois. The Factor Firm and Client agree that any court action between the parties to enforce the terms of this agreement or resolve any dispute related to this agreement shall be initiated solely in the Bankruptcy Court.

   7. **Withdrawal**. We reserve the right to withdraw from our representation of Client at any time, subject to our ethical responsibilities. You have the right to terminate our services at any time, but you acknowledge that in such event we have rights to part or all of any payment, recovery, settlement or judgment in your favor in accordance with this Agreement and Illinois law on attorney liens and the common law of quantum meruit, subject to the approval by the Bankruptcy Court.

   8. **Records Retention**. In the course of representing Client, it is likely that numerous records and documents (originals and copies) will come into our possession and numerous additional documents will be generated by us. Naturally, Client may examine any written materials in our files at any time we agree prior to the termination of our representation of Client, but you acknowledge that all of our work product is owned by us.

   9. **Commencement of Representation**. If the terms set forth herein are acceptable to you, please acknowledge your understanding and agreement by signing, dating, and returning a copy of this letter to us. Our representation will commence upon our receipt of the executed copy of this agreement and the entry of an Order by the Bankruptcy Court authorizing our retention.

   If you do not agree with one or more of the provisions of the engagement agreement, please contact me so that we can try to address your concerns.

            **THE LAW OFFICE OF**
            **WILLIAM J. FACTOR, LTD.**

            */s/ William J. Factor*
            William J Factor

WJF:
READ AND AGREED:

By:_____

{00220046}

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **David Launias,** | Bankruptcy No. 22-00037 |
| Debtor. | Honorable Jacqueline Cox |

## DECLARATION OF WILLIAM J. FACTOR IN SUPPORT OF TRUSTEE'S APPLICATION TO RETAIN WILLIAM J. FACTOR AND FACTORLAW AS COUNSEL, EFFECTIVE AS OF APRIL 19, 2022

I, William J. Factor, state under penalty of perjury as follows:

1. I am an attorney duly licensed and authorized to practice law in Illinois. I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois. My ARDC No. is 6205675.

2. I submit this declaration in support of the entry of an order authorizing the retention of myself and the Law Office of William J. Factor, Ltd. (collectively, "**FactorLaw**") as counsel for Phillip D. Levey (the "**Trustee**" or "**Mr. Levey**"), not individually but as chapter 7 trustee of the Bankruptcy Estate (the "**Estate**") of David Launias (the "**Debtor**") in the captioned Case. This declaration also is being submitted under 11 U.S.C. §§ 327(a), 328(a) and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

3. I have experience and knowledge in bankruptcy law and related fields, including commercial litigation, and I believe that FactorLaw's attorneys are well-qualified to serve as counsel for the Trustee for the matters set forth in the attached Engagement Letter. We often represent bankruptcy trustees and parties in commercial litigation matters in both state and federal court.

{00220028}

4. Other than as previously disclosed in its Rule 2016 Statement, FactorLaw has not received any amounts from any party in connection with the Case either prior to or during the Case.

5. FactorLaw's compensation for representing the Bankruptcy Estate will be based on the amount of recovery obtained. As set forth in the Engagement Letter appended hereto, FactorLaw shall receive as a fee 33% of any gross recovery. It also shall receive from any recovery reimbursement of allowed expenses it advances. FactorLaw will not receive reimbursement of the expenses it advances if there is no recovery. FactorLaw regularly represents parties on similar terms in bankruptcy and non-bankruptcy matters. FactorLaw will file a fee application seeking allowance and payment of its fees and expenses.

6. In connection with this declaration, FactorLaw has reviewed the list of the Debtor's creditors and has evaluated the connections between FactorLaw, the Estate, and Estate creditors to discover if FactorLaw has any relationships with entities connected to the Estate. Based on that review, to the best of my knowledge, information and belief, and except as set forth herein, FactorLaw does not have any connections with any parties connected with the Estate. I thus believe that FactorLaw qualifies as a "disinterested person," as that term is defined under § 101(14) of the Bankruptcy Code in that FactorLaw (a) is not a creditor, an equity security holder, or an insider of the Debtor, (b) is not, and was not within two years before the filing of the petition, a director, officer, or employee of the Debtor, and (c) does not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

    a. FactorLaw represents the Debtor, David Launias, in this Chapter 7 Case and will continue to do so. Before the petition date, Mr. Launias was the holder of the claims

FactorLaw intends to prosecute on behalf of the Bankruptcy Estate. Mr. Launias is aware of FactorLaw's representation of the Bankruptcy Estate and has not objected to it.

b. FactorLaw in the past has represented, currently represents and in the future intends to represent, Phillip D. Levey, not individually, but as trustee for various bankruptcy estates unrelated to the Debtor.

c. FactorLaw often represents other panel trustees in bankruptcy matters.

d. Ariane Holtschlag, a FactorLaw partner, is a panel trustee for the Northern District of Illinois.

7. To the best of my knowledge, FactorLaw does not have any other connections with the United States Trustee, or any person employed in the office of the United States Trustee, nor is any person connected with FactorLaw a relative of the Bankruptcy Judge assigned to the Case.

8. FactorLaw has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under § 504(b) of the Bankruptcy Code or as described herein.

Dated: May 10, 2022                    /s/ William J. Factor

{00220028}